IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY D. HERZBERGER, ) | Case No. 1:18-cv-1548 |
| ) | |
|     Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
|     v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| TIM SHOOP, WARDEN, ) | |
| ) | |
|     Defendant. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.    Introduction**

Currently before me is the petition of Gregory D. Herzberger, Ohio Inmate #632-421, for a writ of habeas corpus under 28 U.S.C. § 2254.[1] On May 22, 2019, respondent filed a motion to dismiss arguing that Herzberger's petition is barred by AEDPA's statute of limitations. 28 U.S.C. § 2244(d). The matter was automatically referred for preparation of a report and recommendation on March 21, 2019.

Herzberger entered into a plea agreement with the state and pleaded guilty to three counts of rape and three counts of gross sexual imposition.[2] On October 5, 2012, the trial court sentenced Herzberger to the agreed nine year sentence.[3] Herzberger is currently incarcerated at the Chillicothe Correctional Institution.[4]

---

[1] ECF Doc. 1.
[2] ECF Doc. 8-1 at 9-11.
[3] ECF Doc. 8-1 at 14-16.
[4] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A632421 (Last visited 9/17/19).

Herzberger filed his petition on July 9, 2018.[5] Warden Shoop moved to dismiss the petition as untimely on May 22, 2019.[6] Herzberger filed a response to the motion to dismiss on July 1, 2019.[7] Because Herzberger's claims for relief are untimely, I recommended that the Warden's motion to dismiss be GRANTED and Herzberger's petition for writ for habeas corpus be DENIED.

## II. Procedural History

### A. Original Proceedings Leading to Conviction

On December 30, 2009, a Lorain County, Ohio grand jury indicted Herzberger on one count of felonious sexual penetration in violation of Ohio Rev. Code § 2907.12(A)(1)(b), three counts of rape in violation of Ohio Rev. Code § 2907.12(A)(1)(b), and four counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4). ECF Doc. 8-1 at 4-7. The trial court appointed an attorney to represent him and he initially pleaded not guilty. ECF Doc. 8-1 at 8.

After plea negotiations with the state, Herzberger executed a written plea agreement (ECF Doc. 8-1 at 9) and then withdrew his former plea of not guilty and entered a plea of guilty to reduced charges of three counts of rape and three counts of gross sexual imposition. ECF Doc. 8-1 at 12. The written plea agreement stated, "Agreed Sentence of Nine years is to be imposed." ECF Doc. 8-1 at 8. In an entry filed on October 5, 2012, the trial court imposed three nine-year prison terms for F-1 Rape and three eighteen-month prison terms for F-3 Gross Sexual

---

[5] ECF Doc. 1. Herzberger's petition does not contain a statement regarding when it was placed in the prison mail system. However, he signed the document on June 29, 2018 making this the earliest day the petition could have been placed in the prison mail system. For purposes of evaluating whether his petition is barred by AEDPA's statute of limitation, the court will consider June 29, 2018 as the filing date under the prison mailbox rule.
[6] ECF Doc. 8.
[7] ECF Doc. 10.

2

Imposition, all to be served concurrently, for an aggregate nine-year sentence. ECF Doc. 8-1 at 14-16. The court also adjudicated Herzberger to be a sexual predator under Megan's Law. ECF Doc. 8-1 at 17-19.

### B. Direct Appeal

Through new counsel, Herzberger filed a notice of appeal in the Ohio Court of Appeals on November 1, 2012. ECF Doc. 8-1 at 20. Herzberger raised the following assignment of error on direct appeal:

> 1. The trial court erred by finding that Gregory D. Herzberger is a sexual predator and not a sexually oriented offender.

ECF Doc. 8-1 at 24. The Ohio Court of Appeals affirmed the trial court's judgment on August 26, 2013. ECF Doc. 8-1 at 47-49; *State v. Herzberger,* 9th Dist. Lorain No. 12CA010301, 2013-Ohio-3664.

Herzberger did not seek further review by the Ohio Supreme Court. His conviction became final 45 days later on October 10, 2013[8].

### C. Post-Conviction Relief

Two years later, on November 23, 2015, Herzberger filed a *pro se* petition for post-conviction relief arguing that his sentence was contrary to Ohio law. ECF Doc. 8-1 at 50. The trial court denied Herzberger's petition on November 30, 2015. ECF Doc. 8-1 at 70.

On January 4, 2016, Herzberger filed a *pro se* notice of appeal in the Ohio Court of Appeals. ECF Doc. 8-1 at 71. Herzberger's appellate brief raised the following assignments of error:

---

[8] According to Ohio S.Ct.Prac.R. 7.01(A)(1), to perfect a jurisdictional appeal, an appellant must file a notice of appeal within forty-five days from the entry of the judgment being appealed. According to AEDPA, a conviction becomes final upon the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* page 6, below.

   1. The trial court erred and abused its discretion by denying defendant's clearly defined and supported motion for resentencing to correct an illegal sentence contrary to law without even affording the State opportunity to respond by holding an evidentiary hearing.

   2. The trial court erred and abused its discretion in determining a sexual predator classification for a defendant who is a first time offender, and the facts and evidence are insufficient to support the worst of the worst classification.

ECF Doc. 8-1 at 77. On February 14, 2017, the Ohio Court of Appeals ruled that Herzberger's petition for postconviction relief was untimely and affirmed the judgment of the trial court. ECF Doc. 8-1 at 124-128.

On March 31, 2017, Herzberger filed a *pro se* notice of appeal to the Supreme Court of Ohio. ECF Doc. 8-1 at 129. Herzberger's memorandum in support of jurisdiction asserted the following proposition of law:

   1. Whether the lower courts erred in ruling that Appellant's motion for resentencing; alleging sentencing error, was an untimely petition for postconviction relief? In fact, herein, the Court of appeals never reaches the merits of the underlying errors; incorrectly finding the Motion not well taken, and, seemingly, indicating that such issues can only be raised on direct appeal or collateral attack; all inconsistent with this Ohio Supreme Court's recent decision stating that no court has the authority to impose a sentence that is contrary to law, when the trial court disregards statutory mandates, principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. Accordingly, this sentence may be reviewed at any time, on direct appeal or by collateral attack. *See State v. Williams,* 2016 Ohio 7658, 2016 Ohio LEXIS 2783 (November 10, 2016).

ECF Doc. 8-1 at 148. The Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 8-1 at 160.

### III. Federal Habeas Petition

Herzberger filed his *pro se* petition for a writ of habeas corpus on July 9, 2018, but may have been placed in the prison mail system as early as June 29, 2018. ECF Doc. 1 at 2. Under

4

the prison mailbox rule, it is considered filed on the day he placed it into the prison mail system.

Herzberger's petition raises three grounds for relief:

> **GROUND ONE:**
> The concepts behind the Constitution's guarantee of Due Process of Law must be more than mechanical process that suffocates the very spirit of the protections of the Fifth and Fourteenth Amendments to the U.S. Constitution. Petitioner was denied any semblance of the spirit of due process in this case and was denied the protections the law afforded him.
>
> **GROUND TWO:**
> Equal Protection of the Law and the Due Process Clause require more than mere allegations to determine a court's decision making process as a "trier of fact," not swayed by personal prejudice or other factors outside the physical record.
>
> **GROUND THREE:**
> While the standard to establish Ineffective Assistance of Counsel are so difficult under the *Strickland v. Washington* two-prong test; Petitioner herein is prejudiced as to prove the different outcome had not been for counsel's ineffectiveness, is likened to proving whether or not someone is likely to commit future sexually oriented offenses when it is presumed that all sex offenders will reoffend and all Ohio attorneys are presumed to be competent.

ECF Doc. 1.

**IV.  Law and Analysis**

    **A.  Factual Background**

We begin by examining the record to locate any factual determinations by the Ohio courts. Factual findings of state courts are presumed correct unless a petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell,* 708 F.3d 760, 775 (6th Cir. 2013). The Ohio Court of Appeals made the following findings of fact:

> {¶ 2}  Mr. Herzberger was accused of performing various sexual acts on his biological daughters from 1996 through 2007. He was indicted on multiple counts including: felonious sexual penetration, rape, and gross sexual imposition. As a result of a plea bargain, Mr. Herzberger pleaded guilty to three counts of rape. The parties agreed upon a sentence of nine years of imprisonment.

5

> {¶ 3} At the time of Mr. Herzberger's sentencing hearing, the trial court also held a sexual offender classification hearing under Megan's Law. See former R.C. 2950.09. Because of the dates of the alleged offenses, the parties agreed that Megan's Law should be used for classification purposes. After considering the relevant factors set forth in former R.C. 2950.09, the trial court classified Mr. Herzberger as a sexual predator. See also former R.C. 2950.01(E)(1).

*State v. Herzberger,* 9th Dist. Lorain No. 12CA010301, 2013-Ohio-3664.

### B. Statute of Limitations

Warden Shoop moves to dismiss Herzberger's petition, claiming it is time-barred under 28 U.S.C. § 2244(d)(1). As amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[9] 28 U.S.C. § 2244(d)(1) provides that a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA. Subsections (B), (C) and (D) assign later statute of limitations commencement dates under the specified conditions.

---

[9] Pub. L. No. 104-132, -110 Stat. 1214-.

6

Given Herzberger's arguments, it is plain that the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) controls. Under subsection (A), cases become final on direct review when the United States Supreme Court denies a petition for writ of certiorari or time to file a certiorari petition expires. *Lawrence v. Florida,* 549 U.S. 327, 333 (2007), citing *Clay v. United States,* 537 U.S. 527-528, n.3 (2003).

### 1. Commencement of Limitation Period

The Ohio Court of Appeals denied Herzberger's appeal and affirmed the judgment of the trial court on August 26, 2013. ECF Doc. 8-1 at 47. Herzberger had 45 days to file a notice of appeal with the Ohio Supreme Court. When he failed to do so, his conviction became final on October 10, 2013. The AEDPA statute of limitations began to run on the following day, October 11, 2013, and expired one year later on October 11, 2014, absent application of the statutory tolling provision in 28 U.S.C. § 2244(d)(2) or other tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Herzberger's habeas petition was filed – at the earliest – on June 29, 2018. ECF Doc. 1 at 2.

Herzberger argues that his petition is timely, claiming that his judgment did not become final until the Ohio Supreme Court declined to accept jurisdiction on his petition for postconviction relief, on July 5, 2017. ECF Doc. 1 at 4. If that were correct, Herzberger's petition for habeas corpus would have been timely because he arguably filed it on June 29, 2018. ECF Doc. 1 at 2. However, as explained below, Herzberger did not file petition for postconviction relief until after the AEDPA statute of limitations had already expired.

### 2. Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review."

7

See *Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000). "The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the United States Supreme Court explained that a state application for post-conviction relief is "properly filed" within the meaning of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. The Sixth Circuit has held that an Ohio prisoner's post-conviction relief application which was dismissed because as untimely is not considered "properly filed" and therefore does not toll the limitations period. *Vroman,* 346 F.3d at 603.

Herzberger did not file his post-conviction relief petition until November 23, 2015, after the AEDPA statute of limitations had expired. ECF Doc. 8-1 at 50. Thus, the pendency of the post-conviction petition had no effect on the AEDPA statute of limitations. Moreover, Herzberger's petition for postconviction relief also was filed too late, as recognized by the state court of appeals. ECF Doc. 8-1 at 125. Thus, it was not "properly filed" and would not have tolled the statute of limitations period in any event

Herzberger's petition was untimely and, unless the limitations period is tolled for equitable reasons, his petition should be dismissed as barred under AEDPA's statute of limitations.

### 3. Equitable Tolling

AEDPA's statute of limitations may also be tolled on equitable grounds in certain circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012) (internal quotation marks omitted). A habeas petitioner is required to prove he is entitled to equitable tolling. *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). If the court finds the petitioner has not met either of those requirements, then equitable tolling cannot save an otherwise time-barred habeas claim.

Herzberger does not argue for equitable tolling in this case because he asserts that his petition is timely. Even if he had argued otherwise, however, the record demonstrates that he did not diligently pursue his rights. After the Ohio Court of Appeals affirmed the state court judgment, Herzberger did not appeal to the Ohio Supreme Court. He then waited over two years before filing a motion for resentencing – his petition for postconviction relief. ECF Doc. 1 at 63.

Herzberger must also point to extraordinary circumstances that prevented the timely filing of his habeas petition. Pointing to his *pro se* status and his unawareness of the law are not enough. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Here, Herzberger has not argued for the application of equitable tolling to save his petition. And he

9

has not identified any extraordinary circumstance that prevented the timely filing of his federal habeas petition. Instead, he argues – incorrectly – that his petition was timely. The undersigned has no choice but to conclude that this is not a case in which equitable tolling may be applied to permit the review of Herzberger's habeas claims.

### 4. Actual Innocence

A sufficient claim of actual innocence can overcome a statute of limitations bar in a habeas case to prevent a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U. S. 383 (2013). The Supreme Court noted, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (citing *Schlup v Delo*, 513 U.S. 298, 329 (1995)). This fundamental miscarriage of justice "standard is 'demanding' and seldom met." *Id.* And the standard "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (emphasis added; citing *Schlup*). The Court concluded by noting: "We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401.

Thus, the threshold inquiry is whether "new facts raise [] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence not mere legal insufficiency." *Bousley v. United*

10

*States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however that the actual innocence exception should "remain rare" and only be applied in the 'extraordinary case.'" *Id.* at 321.

Because Herzberger does not argue that he is actually innocent and has not submitted any new evidence, he is not entitled to equitable tolling based on an actual innocence claim. In fact, Herzberger did not argue in his direct appeal or in his motion for resentencing that he was innocent. He argued that he had been improperly classified as a sexual predator and sentenced incorrectly. He makes the same argument here but admits some guilt:

> Mr. Herzberger is not saying 'nothing' happened, what he is saying is that the facts of what happened have been BLOWN out of proportion and he has been made out to be a monster of some type, praying [*sic*] on poor helpless children all his life, which is why he was deem [*sic*] a 'predator' against the manifest weight of the evidence."

ECF Doc. 1 at 8.

Herzberger has made it clear that he felt pressured to plead guilty; and he has likewise made it clear that he disagrees with the idea that parties can propose an "agreed" sentence to a trial judge or that, by doing so, the trial judge is somehow relieved of his duties under the Ohio sentencing statute; and he has made it clear he disagrees with his status as an adjudicated sexual predator under Megan's Law. Further, Herzberger has pointed out that he too was a victim of sexual abuse when he was young. As unfortunate as that last fact may be, none of these is a claim of innocence of charges of rape or gross sexual imposition. This is not a case in which the

11

statute of limitations should be tolled because Herzberger does not claim that he is actually innocent. Herzberger's petition was filed too late.

## V. Recommendation Regarding Certificate of Appealability

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. §

2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Where, as here, a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation concerning the statute of limitations, Herzberger would not be able to show that the court's rulings are reasonably debatable. As noted above, he has not provided any basis for concluding that he is entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B), (C) or (D), that he is entitled to statutory tolling under § 2244(d)(2), or that he is entitled to equitable tolling. Nor has he submitted new, reliable evidence demonstrating that his is the rare petition which should be granted habeas review, despite its untimeliness, because he is actually innocent. Thus, the

resolution of the limitations issue is not reasonably debatable, and the Court should conclude that Herzberger is not entitled to a certificate of appealability.

### VI. Conclusion and Recommendations

Because Herzberger filed his habeas petition more than one year after his conviction became final and because no statutory tolling periods apply, his petition is time-barred. Herzberger is not entitled to equitable tolling because he has not shown that he diligently pursued his claims or that an extraordinary circumstance prevented him from filing a timely petition. Nor does he argue that he is actually innocent or offer any new evidence of his actual innocence to justify an equitable exception to the statute of limitations under *McQuiggin*. For these reasons, I recommended that the warden's motion to dismiss be GRANTED and that Herzberger's petition for writ for habeas corpus be DENIED. I further recommend that Herzberger not be granted a certificate of appealability.

Dated: September 18, 2019

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).